**Leslie SWINDLER, Appellant,**

v.

**W. F. GROSS and W. L. Gross, d/b/a W. F. Gross and Son and Butler Manufacturing Company, a Corporation, Respondents.**

No. 51446.

Supreme Court of Missouri,

Division No. 1.

Nov. 8, 1965.

Edward L. Simmons, and Russell D. Jacobson, Kansas City, for appellant.

Gene C. Morris, of Rogers, Field & Gentry, Kansas City, for respondents.

WELBORN, Commissioner.

Plaintiff Leslie Swindler brought suit for $50,000 damages against W. F. Gross, W. L. Gross and Butler Manufacturing Company. The cause of action arose out of injuries sustained by plaintiff while employed by the Grosses on their farm in the operation of a feed grinder which the Grosses had purchased from Butler.

At the trial a motion of defendant Butler for a directed verdict at the close of plaintiff's opening statement was sustained. The matter proceeded to trial against the Grosses alone and the jury returned a verdict against them in favor of plaintiff for $12,000.

Subsequent to the verdict plaintiff filed a motion for new trial against Butler and the Grosses filed a motion for new trial on the judgment entered on the verdict in favor of plaintiff against them. The plaintiff's motion as to Butler was overruled and the motion of the Grosses was sustained and a new trial ordered. Thereupon plaintiff filed a notice of appeal to the Kansas City Court of Appeals from the order awarding the Grosses a new trial and from the judgment entered in favor of Butler.

After notice of appeal had been filed, plaintiff withdrew his appeal against the Grosses. The plaintiff's contention that Butler's motion for a directed verdict at the close of his opening statement should not have been sustained was briefed by the parties in the Kansas City Court of Appeals. However, on motion of respondent the cause was transferred to this court, on the theory that the amount in controversy is $50,000, the amount sought in plaintiff's petition.

■ At the outset of our consideration of the appeal we are confronted with the question, although it has not been raised by the parties, of whether there is a final appealable judgment in the cause. A judgment to be final must dispose of all parties and all issues. As the matter now stands, there is no disposition of the cause as to the Grosses. Their motion for new trial having been sustained and the appeal from the order sustaining their motion having been withdrawn, the cause as to them is in the same position as it was prior to the trial. There not being presently a judgment disposing of all issues and all parties, there is no final judgment and this appeal is premature. Wicker v. Knox Glass Associates, Inc., 362 Mo. 614, 242 S.W.2d 566, 571 [7–9].

Therefore, the appeal must be dismissed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.