**Jeanette KINDER and Joel Kinder, Plaintiffs-Appellants,**

v.

**Jeannine Rose PURSLEY and Boyd Contracting Company, Inc., Defendants-Respondents.**

**No. 34599.**

Missouri Court of Appeals, St. Louis District.

Dec. 12, 1972.

Thomas J. Briegel, Union, for plaintiffs-appellants.

Murphy & Kortenhof, Ben Ely, Jr., Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, Joseph H. Mueller, St. Louis, for defendants-respondents.

CLEMENS, Judge.

Mrs. Jeanette Kinder (hereafter "plaintiff") was the guest-passenger in defendant Jeannine Pursley's car when it ran off the unguarded end of a roadway being constructed by defendant Boyd Contracting Company. Plaintiff and her husband sued both Pursley and Boyd.

The jury returned a verdict in favor of host-driver Pursley but gave plaintiffs verdicts for $15,000 and $3,000 respectively against Boyd. The trial court granted Boyd's motion for a new trial on the ground it had erred by failing to define the words "adequate warning" used in plaintiffs' verdict-directing instructions. Plaintiffs appeal from the judgment in favor of defendant Pursley and also from the order giving defendant Boyd a new trial.

■ On plaintiffs' appeal from the judgment against them in favor of defendant Pursley, they brief only one abstract point: that defendant Pursley was negligent as a matter of law, without pointing to any error allegedly committed by the trial court. We can only interpret this as a contention the trial court should have directed a verdict for plaintiffs against defendant Pursley. The short answer to this is that plaintiffs did not ask for that relief below and cannot now convict the trial court of error in failing to take action plaintiffs did not request. Stanziale v. Musick, Mo., 370 S.W.2d 261, 266 [5].

■ Although the trial court granted Boyd's after-trial motion for a new trial, Boyd is entitled now to raise the more basic issue—alternatively raised in its after-trial motion—that plaintiffs did not make a submissible case. Schmittzehe v. City of Cape Girardeau, Mo., 327 S.W.2d 918 [1].

The accident occurred on a newly-paved service road running along the south side of east-west Highway 44 near Sullivan in Franklin County. As concerns this case, the service road began with its westerly end at north-south Park Street, ran thence east for half a mile across Church Road and continued on east three-tenths of a mile to its uncompleted end. At that point the paving ended with a 25-foot declivity.

It was dark and raining on October 23, 1970 about 7:30 P.M. when defendant Pursley, the host-driver, drove north out of Sullivan on Park Street. When she reached the service road she turned right, drove east for half a mile, crossed Church Road and continued on for three-tenths of a mile. At that point her car fell off the end of the road into the declivity, seriously injuring plaintiff Jeanette Kinder. Neither the western end of the service road at Park Street nor the eastern end at the declivity were marked in any way.

Defendant Boyd at times put a heavy barricade and a "Road Closed" sign across the service road at the eastern side of Church Road. On the night in question neither the intersection nor the barricade were lighted and plaintiff and Mrs. Pursley drove across Church Road without seeing the barricade. Plaintiffs' witness Brand, a police officer, called to the scene soon after the accident, said the barricade was not across the service road but was over on the south side generally parallel with the pavement. Brand said he had no trouble seeing the barricade because "I knowed it was there." A few minutes after the collision defendant Pursley's witness Weiskoph rode to the scene of the accident in the wrecker that towed the Pursley car. At that time the barricade was not across the service road and he did not notice it over on the shoulder.

Defendant Boyd's employees Alstat and Boyd testified for Boyd that the barricade had been removed during the day but was across the service road when they left work between 4:00 and 5:00 P.M.

■ In testing the submissibility of plaintiffs' case our review is based on the theory upon which plaintiffs grounded their recovery and we consider the evidence in the light most favorable to plaintiffs, disregarding defendant's evidence ex-

cept where it aids plaintiffs' case. Kirks v. Waller, Mo., 341 S.W.2d 860 [2].

Plaintiffs' submission against defendant Boyd was on the theory Boyd had negligently failed to give adequate warning of the dangerous condition ahead. As a road contractor working on a public road Boyd was duty-bound to exercise reasonable care for the safety of persons using the service road. Joshmer v. Fred Weber Contractors, Inc., Mo.App., 294 S.W.2d 576 [2]; Grab v. Davis Construction Company, 233 Mo.App. 819, 109 S.W.2d 882 [4, 11]. In Melican v. Whitlow Construction Company, Mo., 278 S.W. 361 [2, 3], the court held: "It was the duty of defendant [road contractor] to place and maintain, during the time of darkness, such lights or warning signals as would enable persons, exercising ordinary care, to discover the danger and pass in safety."

Viewing the evidence favorable to plaintiffs the jury could have believed Boyd had failed to place a barricade across the service road at Church Road on the evening in question. The jury was not bound to believe Boyd's two employees' testimony that the barricade was replaced across the road when they left work two or three hours earlier. Boyd stresses the testimony of plaintiffs' witness Brand that he saw the barricade beside the road. That does not destroy plaintiffs' case. The jury may well have concluded that the barricade so placed on a dark, rainy night was not an adequate warning.

Defendant Boyd stresses two Missouri cases on the issue of submissibility. Clinkenbeard v. City of St. Joseph, 321 Mo. 71, 10 S.W.2d 54, concerned a motorist who collided with a utility pole outside an unlighted city street. In essence, the court held that was not a defect in defendant city's street and hence it had no duty to warn the motorist. At 10 S.W.2d 1. c. 63, the court by admitted dicta said the city was entitled to notice that a street light had been extinguished. The case is not in point.

Defendant also cites DePung v. City of St. Louis, Mo.App., 425 S.W.2d 509, concerning the City's liability for the act of a third party in failing to adequately light a barricade. There the plaintiff's theory was that the city had timely notice of the defect and the opinion dealt only with that issue. There is a fundamental distinction between a municipality's liability for a third party's misconduct—of which it must have actual or constructive notice—and the situation here where the defect was directly caused by the defendant.

Boyd cites cases holding a road contractor not liable for casualties arising from the removal of warning devices by third persons until the contractor has notice thereof. Here there was no evidence of such removal. Instead, if the jury chose to disbelieve the testimony of Boyd's two employees, as it had a right to do, the jury may well have believed Boyd removed the barricade during working hours and failed to replace it across the service road at the end of the day.

In one point relied on defendant Boyd contends plaintiff was a trespasser to whom Boyd owed no duty but to refrain from wilfully injuring her. That point was not made in Boyd's motion for a new trial, nor is it developed in the argument portion of Boyd's brief. Hence, it is not preserved for review. Rules 79.03 and 84.-04(e), V.A.M.R.; Kratzer v. King, Mo., 401 S.W.2d 405 [5].

To summarize the issue of submissibility, we hold evidence favorable to plaintiffs showed a dangerous condition at the end of the service road; that Boyd breached its duty to give plaintiffs adequate warning thereof and in so failing was negligent and plaintiff's injury was caused thereby. The jury's verdict for plaintiffs was responsive to that submission. The trial court properly denied Boyd's motion for a directed verdict. For earlier cases supporting our conclusion that plaintiffs made a submissible case see Meyers v. City of Kansas City,

108 Mo. 480, 18 S.W. 914 and Ball v. City of Independence, 41 Mo.App. 469.

As said, the trial court granted Boyd's motion for a new trial on the ground it had erred in giving plaintiffs' not-in-MAI verdict-directing instructions. The court gave Instruction No. 3: "Your verdict must be for plaintiff Jeanette Kinder and against defendant Boyd if you believe: First, defendant Boyd failed to provide adequate warning, and Second, defendant Boyd was thereby negligent, and Third, such negligence either directly caused damage to plaintiff Jeanette Kinder or combined with the acts of defendant Pursley to directly cause damage to plaintiff Jeanette Kinder . . ." By Instruction No. 4 the court gave the same verdict director for the plaintiff-husband, except for change of name.

Boyd contends the trial court properly ruled these instructions were erroneous for three reasons: First, the "instructions are not in MAI and are therefore presumed to be prejudiciously erroneous." Boyd cites no authority for this proposition. There is none. These not-in-MAI verdict directors were in accord with Rule 70.01(e), being simple, brief, impartial, free from argument and omitting detailed evidentiary facts; nor did they hypothesize undisputed facts.

Second, the instructions were not supported by the evidence. Boyd's brief is devoid of any argument to support this challenge and we find none.

Third, and this is Boyd's principal complaint, that the instructions gave the jury a roving commission by failing to define the term "adequate warning." At page L of MAI trial courts are told that terms such as scope of employment, right-of-way, libel, fair market value and legal malice should be defined. Those are terms of art that an ordinary juror probably would not understand and MAI has supplied definitions. Conversely, MAI leaves undefined such terms as "excessive speed" (MAI 17.03), "careful lookout" (MAI 17.05), "following too closely" (MAI 17.09), "adequate and timely warning" (MAI's 17.11 and 17.12), "position of immediate danger" (MAI 17.-14) and other readily understandable phrases. It has been held proper to refuse to define such a simple word as "unoccupied." Graves v. M.F.A. Mutual Insurance Co., Mo.App., 446 S.W.2d 154 [1, 2].

Boyd's plea for a definition of "adequate warning" is akin to the defendant's contention in State v. Taylor, Mo.Sup., 486 S.W. 2d 239, 1972: "In State v. Robinson, 117 Mo. 649, 23 S.W. 1066, this court said: 'It is difficult to explain simple terms like "reasonable doubt" so as to make them plainer.' In State v. Talmage, 107 Mo. 543, 17 S.W. 990, this court commented critically on attempts to define 'reasonable doubt' and said, 'Reasonable doubt is reasonable doubt, and that is about all that can be said in regard to it.'" So with "adequate warning," for the phrase defines itself.

Instructions No. 3 and 4 were not erroneous and the trial court erred in granting defendant Boyd a new trial.

The order granting defendant Boyd a new trial is reversed and the cause is remanded with instructions to re-enter plaintiffs' judgment against defendant Boyd.

DOWD, P. J., McMILLIAN, J., and VERNON W. MEYER, Special Judge, concur.