**Earl E. GRAY, Appellant,**

v.

**KOPLAR–BARRON REALTY CO., Respondent.**

**No. 34680.**

Missouri Court of Appeals, St. Louis District, Division One.

June 26, 1973.

186

Wolff & Todt, Clayton, for appellant.

Morris, Wuestling & James, St. Louis, for respondent.

PER CURIAM.

Wrongful death action growing out of plaintiff's wife falling on defendant's premises. The jury gave plaintiff-husband a $12,000 verdict. The trial court sustained defendant's after-trial motion and granted defendant a new trial. Plaintiff appeals, contending the order granting a new trial was on a legal ground allegedly wrongful, that plaintiff's evidence failed to show a causal connection between injury and death. Conversely, defendant contends the new trial was granted on the discretionary ground the verdict was against the weight of the evidence.

Plaintiff does not question the inherent right of the trial court to grant one new trial on the discretionary ground plaintiff's verdict was against the weight of the evidence (Rule 78.01, V.A.M.R.); he argues instead the new trial was not granted on that discretionary ground but was granted on the legal ground his evidence was insufficient. Plaintiff relies on Lifritz v.

Sears, Roebuck and Company, 472 S.W.2d 28 [8–11] (Mo.App.1971). There such a result clearly appears from the wording of the trial court's order granting a new trial.

In Schreiner v. City of St. Louis, 203 S.W.2d 678 [10] (Mo.App.1947), we said "this court is not bound by the construction placed upon the order [granting a new trial] by either the appellant or the respondent, but we should interpret that order in accordance with our views of the meaning to be attached to the words used." Here the trial court first upheld the sufficiency of plaintiff's evidence by ruling "defendant's motion for directed verdict [1] is overruled . . . ." The trial court then granted defendant a new trial "upon the grounds the verdict is against the weight of the evidence with respect to a causal connection between the alleged negligence of the defendant and the death of Mrs. Gray." We do not interpret this to mean the trial court ruled as a matter of law there was *no evidence* of a causal connection. The court had ruled to the contrary by denying defendant's after-trial motion for judgment in accordance with defendant's motion for a directed verdict. We interpret the order to mean the trial court believed that the verdict for plaintiff, which required a finding of causal connection, was against the weight of the evidence. We hold the new trial was granted on that discretionary ground and is beyond our power to alter with the exception next noted. Plas-Chem Corp. v. Solmica, Inc., 434 S.W.2d 522 [3] (Mo.1968).

Even though the defendant was granted a new trial it is still entitled to challenge the trial court's denial of its after-trial motion for judgment in accordance with its prior motion for a directed verdict. Fitzpatrick v. Federer Realty Co., 351 S.W.2d 673 [1] (Mo.1962); Kinder v. Pursley, 488 S.W.2d 937 [2] (Mo.App.

1972). If the record shows plaintiff failed to make a submissible case we should so rule and spare the parties the burden of another trial. Carter v. Matthey Laundry & Dry Cleaning Co., 350 S.W.2d 786 [5] (Mo.1961); Schmittzehe v. City of Cape Girardeau, 327 S.W.2d 918 [1] (Mo.1959).

Defendant's attack on the submissibility of plaintiff's case is limited to the issue of causation. Dr. Nicholas Vitale, a physician, had never treated Mrs. Gray,[2] but gave an opinion based upon a reasonable medical certainty that Mrs. Gray died as a result of the fall.

Defendant relies on a frequently cited case for the proposition that although an expert opinion based upon examination and treatment is substantial evidence, an expert opinion not based on an examination when standing alone and without other facts, is not substantial evidence and is no more than an assurance that such a result is scientifically possible. Kimmie v. Terminal R. R. Association of St. Louis, 334 Mo. 596, 66 S.W.2d 561 (1933). Nonetheless, an expert opinion on causation is proper for the jury's consideration where there is other evidence to show an accident did cause a certain condition. Kimmie, supra [9–11]; Baker v. Kansas City Terminal Ry. Co., 250 S.W.2d 999 [5] (Mo. 1952).

The ultimate question is whether Dr. Vitale's opinion is supported by other evidence creating a factual basis. Absent personal knowledge, this requirement is met when the opinion is premised on facts in evidence. Norfolk and Western Railway Co. v. Greening, 458 S.W.2d 268 [4] (Mo.1970).

Although Dr. Vitale had been neither personally acquainted with Mrs. Gray nor had ever treated or examined her, he was able to glean sufficient facts from plain-

---

1. The court's order was more correctly captioned: "Motion of Defendant for judgment in accordance with its motions for a directed verdict . . . ."

2. Mrs. Gray was a Christian Scientist, had never had medical treatment and her body was cremated without post-mortem examination.

tiff's hypothetical question to reach a conclusion on the cause of her death. The question included Mr. Gray's testimony that before the fall Mrs. Gray was physically active and enjoyed good health. After the fall she had a bruise on her back, loss of color from her cheeks and lips, a very dark stool and from the time of her fall to her death a month later was an invalid, confined to her home and usually to her bed.

█ The jury could reasonably have believed from Mr. Gray's and Dr. Vitale's testimony that the fall caused Mrs. Gray's death and the court therefore correctly denied defendant's motion for a directed verdict. Compare Dorsey v. Muilenburg, 345 S.W.2d 134 [3, 4] (Mo.1961).

The order granting defendant a new trial is affirmed.

All concur except CLEMENS, J., not participating.