Rose Mary POWELL, a minor, by her next friend, William Powell, and William Powell, Plaintiffs-Respondents,

v.

Clarence Harold WATSON, Administrator of the Estate of Dennis Ray Watson, Deceased, Defendant-Appellant.

No. 9717.

Missouri Court of Appeals, Springfield District.

Nov. 15, 1974.

**52**

L. Thomas Elliston, Webb City, Myers, Webster & Perry, Webb City, for plaintiffs-respondents.

Malcolm L. Robertson, Ronald E. Mitchell, Joplin, (Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, of counsel), for defendant-appellant.

PER CURIAM:

Plaintiffs had a jury verdict and judgment against defendant who filed alternative motions (1) for a new trial or (2) to have the judgment set aside and to have judgment entered in accordance with his motion for directed verdict. The trial court sustained the motion for a new trial and denied the motion for judgment. Plaintiffs appealed from the order granting a new trial (§ 512.020 RSMo 1969, V.A.M.S.) and defendant appealed from the order overruling his motion to have judgment entered in accordance with his motion for directed verdict. We are here concerned solely with defendant's appeal.

In Missouri the right of appeal is purely statutory and absent specific statutory authority therefor, no appeal lies. Household Finance Corp. v. Seigel-Robert Plating Co., 483 S.W.2d 415, 416[2] (Mo. App. 1972). If an appeal is not authorized by statute we have no jurisdiction of the cause. Albeit none of the parties has objected to this court's jurisdiction, it is our duty to notice that question ex mero motu. Altman v. Werling, 509 S.W.2d 787 (Mo. App.1974). Defendant's appeal from the order overruling his motion for judgment in conformity with his motion for directed verdict is not authorized by § 512.020, supra, because the order appealed from does not constitute a "final judgment" within the meaning of the statute. Schmittzehe v. City of Cape Girardeau, 327 S.W.2d 918, 920 (Mo.1959); Demmas v. St. Louis Outdoor Advertising, Inc., 452 S.W.2d 303, 305 (Mo.App.1970); State ex rel. and to Use of Williams v. Feld Chevrolet, Inc., 403 S.W.2d 672, 679–680[1] (Mo.App.1966). Accordingly, the defendant's appeal is ordered dismissed.[1]

All concur.

---

1. Dismissal of defendant's appeal, although necessary for the reason that we lack jurisdiction to entertain it, is academic as defendant's challenge to the submissibility of plaintiffs' case was preserved in defendant's after trial motions and will be examined and considered in conjunction with the plaintiffs' appeal from the order granting defendant a new trial. Gray v. Koplar-Barron Realty Co., 497 S.W.2d 185, 187 [2] (Mo.App. 1973); Kinder v. Pursley, 488 S.W.2d 937, 939 [2] (Mo.App.1972); Newell v. Peters, 406 S.W.2d 814, 819 [7] (Mo.App.1966).