Lewis E. MORRIS, Respondent,

v.

Robert B. PATTERSON and Equity Mutual Insurance Company, Appellants.

Nos. KCD 28036, KCD 28039.

Missouri Court of Appeals,
Kansas City District.

April 4, 1977.

L. Stanley Braton, Warrensburg, Kelly Pool, Jefferson City, for appellants.

John O. Bond, Jefferson City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Action for damages arising out of automobile collision. Lewis E. Morris, the driver of one auto, sued Robert B. Patterson, alleging that he was the driver of the vehicle which rear-ended Morris's auto. Morris joined a claim against Equity Mutual Insurance Company, his insurer, on the basis of the uninsured motorist coverage of the policy issued by Equity to Morris. Trial to a jury resulted in a verdict in favor of plaintiff against both defendants and an award of damages of $7,500.00. Equity's motion for new trial was sustained. Patterson's post-trial motion was overruled. He appealed. Equity also appealed. The appeals have been consolidated.

The accident occurred January 14, 1972, when Morris was travelling west on U.S. Route 50 near Knob Noster, Missouri. His vehicle was struck in the rear by another auto travelling in the same direction.

Plaintiff's petition was in three counts. (Count II, a claim on behalf of plaintiff's wife, was abandoned.) Count I sought damages against Patterson. Count III sought recovery against Equity on the basis of its uninsured motorist coverage extended to plaintiff.

The verdict of the jury was in favor of plaintiff and against both defendants. The verdict fixed plaintiff's damages at $7,500.00. The trial court sustained Equity's motion for new trial on the grounds that letters offered in evidence by plaintiff to prove that Patterson was an uninsured motorist were improperly admitted in evidence because they violated the hearsay rule.

In his appeal, Patterson argues that his motion for directed verdict should have been sustained and, alternatively, that his motion for new trial should have been sustained. Equity joins in Patterson's contention that he was entitled to a directed verdict and also alleges error in the overruling of Patterson's motion for new trial on one of the grounds advanced by Patterson. Equity also contends that its motion for directed verdict and motion for judgment in accordance therewith should have been sustained.

A threshold question is whether or not the judgment appealed from is final and appealable.

" 'The right of appeal shall be as provided by law' (Rule 81.01, V.A.M.R.), i. e., the right to appeal is purely statutory. *Steffan v. Steffan*, 390 S.W.2d 587, 590[1] (Mo.App. 1965). To be ripe for appeal, a judgment must finally dispose of all issues raised by the pleadings [*Coonis v. Rogers*, 413 S.W.2d 310, 313[1] (Mo.App. 1967)], and it is the duty of an appellate court, sua sponte if not otherwise, to determine if a final appealable judgment has been rendered before it undertakes to consider the matter on its merits. *Anderson v. Metcalf*, 300 S.W.2d 377, 378[1] (Mo. 1957)." *Starnes v. Aetna Casualty and Surety Company*, 503 S.W.2d 129, 130–131[1] (Mo.App. 1973).

■ Ordinarily, where plaintiff makes a claim against two defendants, and a judgment rendered for or against one defendant and a new trial has been awarded the second defendant, there is no final appealable judgment because all issues as to all parties have not been disposed of. *Swindler v. Gross*, 395 S.W.2d 109 (Mo. 1965).

In its notice of appeal, Equity states:

"The basis for Equity Mutual Insurance Company's appeal from the judgment entered against defendant Patterson is that it is aggrieved by that judgment in that it is bound by that judgment's determination of the issues of defendant Patterson's liability, and plaintiff's damages as held by the following cases: *State ex rel. State Farm Mutual Insurance Company v. Craig*, 364 S.W.2d 343 (Spr.App.) 1963; *Wells v. Hartford Accident and Indemnity Company*, 459 S.W.2d 253 (Mo.Sup.Banc) 1970; and *Beard v. Jackson*, 502 S.W.2d 416 (St.L.App.) 1973.

"As a proper party appellant to this appeal and for the reasons stated above, and on the theory set forth in the cases such as *Gray v. Coplar [Koplar]-Barron Realty Company*, 497 S.W.2d 185 (St.L.App.) 1973, Defendant Equity Mutual Insurance Company submits that it should also be heard on the question of the correctness of the trial court's ruling on its Motion for Judgment in Accordance with its Motion for a Directed Verdict inasmuch as the correctness of the trial court's ruling on defendant Patterson's similar motion is before the court on this appeal and for the additional reason that the consideration of this issue at this time can expedite the conclusion of this entire litigation."

■ As the cases cited by Equity in the first above quoted paragraph hold, Equity would be bound by the determination against Patterson insofar as Patterson's liability and respondent's damages are concerned, should Equity be found liable under its uninsured motorist coverage. Obviously, however, Equity is not concerned with the judgment against Patterson unless and until the application of the uninsured motorist coverage to the accident has been determined. In view of the fact that Equity's motion for new trial has been sustained, that issue is presently undetermined. The judgment has not disposed of all issues and all parties.

■ Equity also asserts that it is entitled to be heard on the correctness of the trial court's failure to sustain its motion for judgment. There is no provision for appeal from an order overruling a motion for judgment for defendant. *Bailey v. Interstate Airmotive*, 358 Mo. 1121, 219 S.W.2d 333, 335[1] (1949). Equity asserts that it is entitled to be heard in this regard under the exception to the rule, announced in cases such as *Page v. Hamilton*, 329 S.W.2d 758 (Mo. 1959), and *Stith v. St. Louis Public Service Co.*, 363 Mo. 442, 251 S.W.2d 693 (1952). In those cases, the court held that when the trial court grants a new trial on a limited issue, not requested by the party in whose favor the order issues, the new trial is in effect on the court's own order, and a party aggrieved thereby, such as a defendant who sought a new trial on all issues, has a right of appeal under § 512.020, RSMo 1969. In this case, the trial court sustained Equity's motion for new trial and therefore it cannot assert that it is an aggrieved party.

The judgment against Patterson did dispose of the issue between him and respondent, but it did not dispose of the other issues in the cause and is not presently appealable. *Swindler v. Gross*, supra.

Accordingly, it must be concluded that there is no final judgment in this case from which an appeal presently lies and the appeals must be dismissed.

Appeals dismissed.

All concur.