Dora **FISCHER**, Plaintiff-Respondent,

v.

**FAMOUS–BARR COMPANY,**
Defendant-Appellant.

No. 45256.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 7, 1982.

Motion for Rehearing/Transfer to Supreme Court Denied Feb. 10, 1983.

Application to Transfer Denied March 29, 1983.

Larry D. Valentine, St. Louis, for defendant-appellant.

Richard S. McConnell, Jr., St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

A false imprisonment case.

Defendant appeals from the trial court's order sustaining plaintiff's motion for new trial on the ground that the verdict finding defendant, Famous-Barr Company, not liable for false imprisonment was against the weight of the evidence.

This case was tried before and resulted in a $20,000 verdict for plaintiff for false imprisonment. The trial judge granted defendant's motion for a new trial because of the failure of plaintiff to present expert medical testimony concerning the cause of plaintiff's injuries. We affirmed. *Fischer v. Famous-Barr Co.,* 618 S.W.2d 446 (Mo. App.1981).

On May 28, 1977, plaintiff, a 74 year old woman, purchased two pantsuits from the fourth floor of defendant's downtown St. Louis store; the salesperson who attended plaintiff, however, failed to remove the security wafers attached to the clothing. As a result, when plaintiff walked under the sensormatic device in the ceiling on her way

to the escalator with the security wafers in her bag, she activated the security alarm. Defendant's employee, Mrs. Lela Creason, alerted by the alarm, saw that plaintiff was the only person within range of the sensormatic device and followed plaintiff down the escalator. Mrs. Creason tapped plaintiff on the shoulder as she descended the escalator and said, "You have something in that bag that don't belong to you." She also stated, "Give me that, I will have to have your bag." Mrs. Creason took the bag from plaintiff, saw the security wafers still attached to the clothing, found the receipt for the purchase and told plaintiff she would "have to come back up on the fourth floor" with her. Plaintiff did not go willingly or voluntarily with Mrs. Creason. Plaintiff testified, "I had to go." Mrs. Creason retained the bag of clothing and they returned to the fourth floor where the security wafers were mechanically removed. Defendant's employee then said, "you may go." Mrs. Creason's tone of voice was harsh, rough and determined. Plaintiff was then permitted to leave the store.

Plaintiff filed this action for damages sustained as a result of her false imprisonment by defendant's employee. Following the jury verdict for defendant, plaintiff moved for and was granted a new trial "on the ground that the verdict was against the weight of the evidence...."

■ Pursuant to Rule 78.02 V.A.M.R., a trial court has broad discretionary power to grant one new trial on the ground that the verdict is against the weight of the evidence. Moreover, such an order is presumptively correct and reviewing courts are liberal in sustaining an order granting such new trial. *Kreutz v. Wolff,* 560 S.W.2d 271, 279 (Mo.App.1976).

Defendant urges, however, that by adding the language "this court finding that there was substantial evidence to support a verdict for the plaintiff" to its order, the trial court gave an improper reason for granting the new trial. We find this argument unpersuasive.

■ Even though an order granting a new trial incorporates language going beyond the discretionary ground that the verdict was against the weight of the evidence as a statement of its rationale, such language does not change the meaning or effect of the order. The ultimate decision to grant a new trial because the verdict is against the weight of the evidence, as embodied in the order, controls. *Hubbard v. Lathrop,* 545 S.W.2d 361, 366 (Mo.App. 1976). Defendant's first point is without merit.

■ Next defendant argues that the trial court's granting of a new trial was arbitrary and an abuse of discretion because plaintiff failed to make a submissible case for false imprisonment. While defendant is correct in its assertion that an order granting a new trial on the ground that the verdict was against the weight of the evidence is arbitrary and an abuse of discretion when the benefiting party fails to make a submissible case, the record does not support defendant's claim. *Kreutz v. Wolff,* 560 S.W.2d at 279.

Defendant places heavy reliance on *Warrem v. Parrish,* 436 S.W.2d 670 (Mo.1969), which involved the refusal of defendant to surrender plaintiffs' auto unless plaintiffs paid a disputed bill. Plaintiffs had argued that since defendant kept their auto they were unable to return to their home which was 40 miles away and were thus falsely imprisoned. The dismissal of their petition was affirmed on appeal because the petition did not allege facts showing that the plaintiffs were compelled to remain on defendant's premises.

*Warrem* is readily distinguishable from this case. The record here shows that plaintiff pleaded and proved the elements of a false imprisonment case.

■ False imprisonment consists of the direct restraint of personal liberty. The required restraint may be from fear of force as well as from force itself. Words alone may suffice to bring about the actual

restraint of liberty. False imprisonment may be committed by words alone or by acts alone or by both and by merely operating on the will of the individual. *Jarrett v. St. Francois County Finance Co.,* 185 S.W.2d 855, 859 (Mo.App.1945).

In determining whether a plaintiff has made a submissible case the evidence is viewed in a light most favorable to plaintiff by giving her the benefit of all inferences which may reasonably be drawn in support of her cause of action. *Linkogel v. Baker Protective Services, Inc.,* 626 S.W.2d 380, 384 (Mo.App.1981).

In the instant case, the evidence on record shows that plaintiff was on her way down the escalator when she was stopped by defendant's employee and ordered to return to the fourth floor sales desk. Plaintiff did not go voluntarily or willingly with defendant's employee. Although no actual force was used other than a tap on the shoulder, it may be inferred that the harsh words of defendant's employee, her possession of the bag containing plaintiff's purchases, and plaintiff's belief that she must return to the fourth floor were sufficient to operate on plaintiff's will and to restrain her personal liberty. Accordingly, plaintiff made a submissible case of false imprisonment and defendant's second point is denied.

For the foregoing reasons the trial court's order sustaining defendant's motion for new trial is affirmed.

Judgment affirmed.

SMITH and GAERTNER, JJ., concur.