**Douglas MYERS, Plaintiff,**

and

**David Bird, Plaintiff-Respondent,**

v.

**Matthew NICKELSON, Defendant-Appellant.**

**Nos. 47168, 47309.**

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 31, 1984.

Denis C. Burns, St. Louis, for defendant-appellant.

Mason W. Klippel, Clayton, for plaintiff-respondent.

CRANDALL, Judge.

This is an appeal by Matthew Nickelson (defendant) from an order sustaining David Bird's (plaintiff) motion for new trial on the ground that the verdict of the jury was against the weight of the evidence. We reverse and remand.

This is a suit for damages arising out of a collision between two automobiles. Douglas Myers was the owner and operator of an automobile in which David Bird was a passenger. That automobile collided with an automobile owned and operated by Matthew Nickelson. Myers and Bird brought suit against Nickelson for injuries arising out of the collision. Nickelson filed a counterclaim against Douglas Myers. The case was tried to a jury. The plaintiffs' claims and the defendant's counterclaim were submitted to the jury on theories of primary negligence. The jury returned a verdict in favor of the defendant on the claims of both plaintiffs. The jury also returned a verdict in favor of the defendant on his counterclaim against Myers.

Both plaintiffs filed motions for new trial alleging, *inter alia*, that the verdict was against the weight of the evidence. The trial court overruled Myers' motion. It sustained the motion of David Bird on the ground that the verdict was against the weight of the evidence. Myers did not appeal from either judgment entered against him.

We acknowledge the broad discretion vested in the trial court in granting a motion for new trial for the reason that the verdict is against the weight of the evidence. *Fischer v. Famous-Barr Co.,* 646 S.W.2d 819 (Mo.App.1982). The rulings here, however, are inconsistent and cannot stand. The plaintiffs in this case filed a single petition and tried their case before the same jury. The overruling of Douglas Myers' post-trial motion resulted in a final judgment in favor of defendant Nickelson on the claim of plaintiff Myers and on Nickelson's counterclaim. Implicit in that judgment is a finding that Nickelson was not negligent. Bird therefore cannot be granted a new trial against Nickelson because there has been an adjudication that Nickelson was not negligent. " 'A judgment cannot stand when it is based on findings of fact which are antagonistic, inconsistent, or contradictory as to material matters, or when it is based on conclusions of law which are at variance with the findings of fact.' " *Buschow Lumber Co. v. Union Pac. R. Co.,* 220 Mo.App. 743, 276 S.W. 409, 414 (1925).

The order of the trial court granting plaintiff Bird a new trial is reversed, and the cause is remanded with instructions to reinstate the judgment in favor of defendant Nickelson.

KAROHL, P.J., and REINHARD, J., concur.