**Martha PITMAN, Plaintiff-Respondent,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.**

**No. 50407.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 19, 1986.

Samuel T. Vandover, St. Louis, for defendant-appellant.

Robert E. Morley, O'Fallon, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from the action of the trial court in sustaining plaintiff's motion for new trial on the issue of damages only in a personal injury case. The basis of the trial court's ruling was its finding that the verdict was against the weight of the evidence. We affirm.

Plaintiff was involved in an automobile accident with an uninsured motorist. Her testimony and that of her medical witnesses indicated soft-tissue injuries to her jaw, neck, right shoulder, back, and right arm occurring solely from the accident. Some of these injuries were considered to be permanent by her medical experts. She also complained of headaches, which her medical experts also testified were permanent. Defendant presented no evidence. However, on cross-examination of plaintiff and her medical experts, defendant extensively developed that despite the witnesses' direct examination testimony, most of these conditions predated the accident. Some were in fact being treated within two weeks prior to the accident. The jury returned a verdict for $5,000 in favor of plaintiff.

The trial court concluded that "the overwhelming weight of the evidence as to injuries and damages would support and require a verdict far in excess of that rendered by the jury." In a masterpiece of understatement, given the cross-examination, the court did acknowledge that "the

plaintiff's evidence as to damages may have been discredited somewhat in the eyes of the jury.....

■ Rule 78.02 grants the trial court the authority and discretion to grant one new trial of any issue on the ground that the verdict is against the weight of the evidence. That rule is still viable. *Firestone v. Crown Center Redevelopment Corp.*, 693 S.W.2d 99 (Mo. banc 1985) [14]. This discretion is virtually unfettered. It will not be interfered with if there is substantial evidence to support a verdict for the party to whom the new trial is granted. *Robinson v. Wampler*, 389 S.W.2d 757 (Mo.1965) [4, 5]. In this case on review we can only look to see if there was substantial evidence to justify a larger verdict. If one chooses to discount the importance of plaintiff's identical preexisting conditions, as the trial court did and the jury did not, there is substantial evidence to justify a higher verdict. The ruling is therefore within the trial court's discretion and its order is presumptively correct. *Hussey v. Kaiser*, 670 S.W.2d 208 (Mo.App.1984) [1].

■ Plaintiff seeks damages for frivolous appeal under Rule 84.19. If Rule 78.02 contemplates approval by us of the discretion exercised by the trial court here, Rule 84.19 contemplates an equivalent discretion by us in allowing defendant to seek our review. The motion is denied.

Judgment affirmed.

SNYDER, C.J., and CARL R. GAERTNER, P.J., concur.