Evelyn BROWN, Plaintiff/Respondent,

v.

LANRICH, INC., Defendant/Appellant.

No. 70734.

Missouri Court of Appeals, Eastern District, Division Five.

June 17, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1997.

Crystal Y. Smith, St. Louis, for Defendant/Appellant.

Alvin A. Wolff, Jr., St. Louis, for Plaintiff/Respondent.

CRANDALL, Judge.

Plaintiff, Evelyn Brown, brought an action for damages for bodily injury against defendant, Lanrich, Inc. After the jury returned a verdict in favor of plaintiff in the amount of $1.00, plaintiff filed a motion to increase the award of damages or in the alternative a motion for new trial. Defendant appeals from the trial court's order granting a new trial on damages after defendant refused additur.[1] We affirm.

This action arose as a result of bodily injuries plaintiff sustained when she stepped into a pothole on the parking lot of a McDonald's restaurant owned and operated by defendant. The jury found in favor of plaintiff and assessed damages in the amount of $1.00; and the trial court entered judgment in accordance with the verdict. Plaintiff filed a motion for new trial on the issue of damages and, in the alternative, a motion for additur. § 537.068, RSMo 1994. Defendant filed a motion to amend the judgment, seeking an offset of $5,000.00 previously paid to plaintiff, thereby reducing her recovery to zero, and also an assessment of costs against plaintiff as the non-prevailing party. The trial court denied defendant's motion. The court granted plaintiff's motion for additur in the amount of $2,684.32, finding that plain-

---

1. Defendant, being aggrieved by the order and judgment of the trial court, has the right to appeal under § 512.020, RSMo 1994. "[A] party may appeal from an order granting a new trial on the issue of damages only." *Fulton v. Bailey,* 413 S.W.2d 514, 515 (Mo.1967).

tiff's medical expenses of $7,684.32 were reduced by an advance payment of $5,000.00; or in the event defendant refused the additur, granted plaintiff's motion for new trial. Because defendant declined the additur, the court granted a new trial on the issue of damages only.

Although defendant raises several claims of error relating to issues of damages and liability, the issue on appeal is whether the trial court abused its discretion in granting plaintiff a new trial on the issue of damages on the ground that the verdict was against the weight of the evidence.

■■■ To sustain a motion for additur, the trial court must determine if good cause warrants a new trial on damages or if the verdict is against the weight of the evidence. *Massman Const. Co. v. Missouri Highway and Transp. Com'n*, 914 S.W.2d 801, 803 (Mo. banc 1996). A motion for additur focuses on the adequacy of the verdict in terms of damages; and if it is sustained, has two possible outcomes, either an increase in the amount of the verdict upon defendant's consent or a new trial. *Id.* When grounds for additur exist, the trial court may grant a new trial only if defendant refuses to accept an increased verdict. *Id.*

■■■ Pursuant to Rule 78.02, the trial court has broad discretionary power to grant one new trial on the ground the verdict was against the weight of the evidence. *Ray v. Gabbard*, 886 S.W.2d 696, 697 (Mo.App. W.D. 1994). Such an order is presumptively correct and reviewing courts are liberal in sustaining an order granting a new trial on this ground. *Fischer v. Famous–Barr Co.*, 646 S.W.2d 819, 821 (Mo.App.1982). As long as plaintiff makes a submissible case, the court's grant of a motion for new trial on this ground is virtually unfettered. *Pitman v. State Farm Mut. Auto. Ins. Co.*, 714 S.W.2d 230 (Mo.App.1986) (new trial granted on the issue of damages only). The trial court can

grant a new trial on all or part of the issues. Rule 78.01.

■■■ Here, the trial court granted plaintiff's motion for additur in an amount equal to plaintiff's unpaid medical expenses. In the alternative, the court granted plaintiff's motion for a new trial should defendant decline to accept the additur. When defendant refused to accept the additur, the trial court ordered a new trial on the issue of damages only. The record reflects that defendant does not challenge the submissibility of plaintiff's case on appeal. We find no abuse of the trial court's broad discretion in granting plaintiff's motion for new trial as to damages.

Defendant raises six specific claims of trial court error relating to issues of liability and damages.[2] Plaintiff counters that because defendant did not file a motion for new trial, it failed to preserve any issue for appellate review.

Rule 78.07 provides that in jury tried cases "allegations of error to be preserved for appellate review must be included in a motion for new trial...." Rule 78.04 requires a motion for new trial be filed not later than thirty days *after entry of the judgment* on a jury verdict. If defendant were appealing from the original judgment of $1.00 without having filed a motion for new trial, plaintiff's point would be well-taken.

■■■ Here, however, the trial court set aside the judgment and ordered a new trial on the issue of damages only. On retrial, should there be a jury verdict for plaintiff and a judgment entered thereon, defendant can then file a motion for new trial, preserving all claims of error regarding liability in the original trial and damages in the new trial. Until there is a final judgment, no appeal can be taken on the issue of liability. In its present posture, the case is not final because the damage issue is still pending.

---

**2.** The six claims of error on appeal are that the trial court erred (1) in failing to instruct on plaintiff's comparative fault; (2) in granting a new trial because the record does not establish that the jury believed plaintiff sustained the injuries she alleged she sustained; (3) in granting a new trial because there was no evidence that the unpaid medical expenses were reasonable and necessary; (4) in granting a new trial without considering plaintiff's "pain journal"; (5) in granting a new trial on the issue of damages only because liability and damages were so intertwined; and (6) in permitting plaintiff's counsel to argue the inadequacy of the parking lot lighting when that issue was not before the jury.

We therefore decline to review any of the six allegations of error raised on appeal.

■ In its seventh point, defendant contends the trial court erred in taxing costs against it. It argues that it was the "prevailing party" under § 514.060, RSMo 1994 in that the nominal damages were reduced to zero after the $5,000.00 in advance medical payments were credited to plaintiff. As such, defendant was entitled to payment of costs. The record reflects that the trial court did not assess costs against defendant. The court merely denied defendant's motion to assess costs against plaintiff. Costs will not be assessed until there is a judgment entered in this case based upon the jury verdict after retrial on the issue of damages. At this juncture, assessment of costs is premature. Defendant's seventh point is denied.

The judgment of the trial court is affirmed.

AHRENS, C.J., concurs.

CHARLES B. BLACKMAR, Senior Judge, dissents in opinion filed.

CHARLES B. BLACKMAR, Senior Judge, dissenting.

I agree with the holding of the principal opinion that the defendant was entitled to accept the jury verdict for the plaintiff for one dollar, and that it did not waive or lose its right to assert points of trial error by failing to file a motion for new trial following the return of the initial verdict. The procedure suggested in the principal opinion, in which the defendant would abide the result of the retrial on damages and then assert trial error in a motion for a new trial, appealing if dissatisfied with the result, is cumbersome and duplicative. It is not required by controlling precedent. The issue, by contrast, is one of first impression. I would consider the points raised by the defendant relating to submission of issues of liability. Having done so, I conclude that the trial court erred in failing to submit the issue of the plaintiff's comparative fault to the jury. I would therefore remand for new trial on liability as well as on damages.

I do not question the trial court's conclusion that, given the verdict for the plaintiff, the award of damages was so inadequate as to justify the granting of a new trial on the ground that the verdict was against the weight of the evidence. The decision on that question is committed to the discretion of the trial court and is seldom questioned by an appellate court.

The grant of a new trial on damages alone is appropriate if the verdict on liability is free from error. Such a grant, indeed, assumes that the issue of liability has been determined in accordance with the law. An order granting a new trial, however, is expressly made appealable by statute. § 512.020 RSMo 1994.

I believe that the grant of a new trial on damages alone is erroneous if there has been error in the submission of liability. It has often been held that the grant of a new trial to a plaintiff is erroneous if the plaintiff has not made a submissible case, *Cunningham v. Bellerive Hotel, Inc.*, 490 S.W.2d 104, 107 (Mo.1973), and that the defendant may challenge the grant of the new trial on appeal even though no motion for directed verdict was made during trial and no motion for judgment notwithstanding the verdict was filed. If the appellate court finds that no submissible claim has been made, the judgment granting the new trial is an abuse of discretion and will be reversed. *Gilomen v. Southwest Missouri Truck Center, Inc.*, 737 S.W.2d 499, 501 (Mo.App.1987).

By reasonable extension, it follows that a defendant may challenge the granting of a new trial on damages alone on appeal, on the ground of infirmities in the submission of liability. An order granting a new trial imposes a substantial burden on the parties, and that is why the legislature has made such orders appealable. The grant of a new trial on damages alone connotes a proper submission of issues of liability. To require the defending party to abide the result of the new trial on damages, and only then to have recourse on appeal on claims of error in the original submission of liability, imposes an unreasonable burden and may be wasteful. I would hold that the grant of a new trial on damages alone is an abuse of discretion if the

submission of liability is tainted by error. By the solution adopted in the principal opinion, three trials might be required rather than two.

I therefore reach the points of error briefed by the defendant/appellant, and conclude that the first point has merit. The plaintiff stepped into a hole in a parking lot at night while carrying her two year old daughter on her hip. Her other children testified that the hole could not be seen because of the darkness, but the jury did not have to accept their testimony in full. The plaintiff testified that she assumed that there would be no hole, and the jury might question whether she looked carefully.

Prior to *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983) a plaintiff in a "slip and fall" case was obliged to establish that he or she could not have known of the condition by the exercise of ordinary care. *Gustafson* changed this requirement and authorized the submission of comparative fault. *Cox v. J.C. Penney Co., Inc.*, 741 S.W.2d 28, 30 (Mo. banc 1987). The court should ordinarily submit questions of comparative fault to the jury. *Powell v. Norman Lines, Inc.*, 674 S.W.2d 191, 197 (Mo.App.1984). The plaintiff, indeed, does not argue that the submission of comparative fault was not required, but simply asserts that the defendant waived the claim by failing to file a motion for new trial.

I would reject the defendant's other claim, in which it challenges the trial court's determinations about the award of damages. The court was not bound by the jury's findings on damages. Nor do we perceive any connection between liability and damages in this case.

For the error in failing to give the requested instructions on comparative fault, however, the order granting a new trial on damages alone should be reversed and the case remanded for new trial on all issues.