Joel STOKES, a minor, a Missouri Resident by and through his next friend and father, Clayton Stokes and Clayton and Karen Stokes, Appellants,

v.

NATIONAL PRESTO INDUSTRIES, INC., A Wisconsin Corporation, Respondent,

and

Diane Scheu, Appellant.

Nos. WD 61851, WD 61852.

Missouri Court of Appeals, Western District.

Oct. 28, 2003.

---

Paul Redfearn, Kansas City, Jerry J. Rellihan, Raymore, for Appellants.

William A. Lynch, Kansas City, for Respondent.

RONALD R. HOLLIGER, Judge.

Joel Stokes, a 13–month–old child, was severely burned when he pulled on the power cord of a Kitchen Kettle deep fryer causing it to fall off the kitchen counter. His grandmother, Diane Scheu, was operating the deep fryer. Joseph's parents filed a negligence claim against Scheu and a products liability claim against National Presto Industries, Inc., the manufacturer of the deep fryer.

A jury returned a verdict in favor of Presto but against Scheu in the amount of $500,000. Subsequently, the trial court denied Stokes' post-trial motions concerning Presto and Scheu's separate motion for a new trial. The trial court did, however, grant Stokes' motion for additur against Scheu in the amount of $1.5 million. Scheu declined the additur. Due to this case's posture, no final judgment exists. The appeal must, therefore, be dismissed.

 The right to appeal is purely statutory. *Farinella v. Croft*, 922 S.W.2d 755, 756 (Mo. banc 1996). According to § 512.020, RSMo 2000,[1] an aggrieved party may appeal from an order granting a new trial or from a final judgment. Stokes appeals from the judgment entered in favor of Presto. Scheu's notice of appeal asserts she is appealing: (1) the judgment; (2) the order overruling Stokes' motion for new trial; (3) the order sustaining Stokes' motion for additur; and (4) the order overruling her motion for new trial.[2] It is this

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. Presto initially filed a cross appeal contesting the grant of additur but dismissed that

court's obligation to *sua sponte* consider the issue of our jurisdiction. *Volume Servs., Inc. v. C.F. Murphy & Assocs.,* 656 S.W.2d 785, 791 n. 2 (Mo.App.1983). The question of whether there is a final judgment in favor of Presto was early recognized and has been briefed by the parties.

 Neither an order overruling a motion for new trial nor an order granting additur is an appealable order identified in § 512.020. The two components of additur are: "(1) a finding that a new trial is required (2) unless the defendant consents to increasing the judgment." *Tucci v. Moore,* 875 S.W.2d 115, 116 (Mo. banc 1994). The trial court did not specifically order a new trial as to Scheu even though it is the only possible consequence of her refusal to accept the additur. It has been said in the context of a final judgment that it is the spirit of the law to sustain a good faith attempt to appeal from a final judgment even though some other unappealable order is designated. *Walker v. Thompson,* 338 S.W.2d 114, 116 (Mo.1960). We believe that same spirit applies here, and Scheu's notice of appeal should be treated as an attempt to appeal the grant of a new trial against her upon her refusal of the additur.

 In her brief, however, Scheu does not raise any issue regarding the additur or the grant of a new trial against her. Her only two points on appeal concern the exclusion of evidence and the time allotted for closing argument. As to whether the trial court erred in granting additur and necessarily a new trial in favor of Stokes, we hold Scheu has abandoned that appeal by not addressing any such issue in her brief. *See State v. Beal,* 895 S.W.2d 635, 635 (Mo.App.1995). Furthermore, the issues Scheu and Stokes do raise do not invoke our jurisdiction because a new trial

as to Scheu remains pending before the trial court. The judgment against Stokes in favor of Presto is not a final judgment, and the appeal must be dismissed as premature.

Stokes' appeal is based on allegedly mistaken evidentiary rulings by the trial court, which he asserts resulted in undue prejudice to him. Stokes argues that there is a final judgment and cites two appeals taken from the grant of a new trial. *Brown v. Lanrich, Inc.,* 950 S.W.2d 235, 236 (Mo.App.1997) (Blackmar dissenting); *McCormack v. Capital Elec. Constr. Co.,* 35 S.W.3d 410, 413 (Mo.App.2000). Both cases involve a single plaintiff suing a single defendant. The cases do not concern the appealability of a judgment in favor of one defendant when another defendant has been granted a new trial.

Rule 74.01(b) defines the finality of a judgment when there are multiple parties:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

*Wicker v. Knox Glass Associates* is applicable to this situation. 362 Mo. 614, 242

appeal when Scheu filed her own separate

notice of appeal on that issue.

S.W.2d 566 (Mo.1951). In *Wicker,* the plaintiff sued a glass company and a grocery store for personal injuries he incurred while opening a glass jar. *Id.* at 569. After trial, the jury found in favor of the grocery store but against the glass company in the amount of $15,750. *Id.* at 567. After denying the plaintiff's motion for a new trial as to the grocery store, the trial court granted remittitur in the amount of $3,750 to the glass company. *Id.* The plaintiff did not accept the remittitur, and an order sustaining the glass company's motion for a new trial was entered. *Id.* The plaintiff appealed from the order granting the new trial as to the glass company, and attempted to appeal from the judgment and verdict in favor of the grocery store. *Id.* at 571. The court dismissed the appeal as to the grocery store as premature. *Id.* In doing so the court stated:

> There was no final judgment in this case from which an appeal could be taken. The order of the trial court sustaining the motion of defendant [glass company] for new trial prevented the entry of a final appealable judgment in the case. Where, as here, one claim is asserted against two defendants jointly, a final judgment is a single judgment disposing of all issues as to all parties.

*Id.*

Similarly, in *Swindler v. Gross,* the first defendant was granted a directed verdict after the plaintiff's opening statement, but a verdict in the amount of $12,000 was rendered against the second defendant. 395 S.W.2d 109, 110 (Mo.1965). The second defendant was granted a new trial by the trial court, and the plaintiff then attempted to appeal the directed verdict in favor of the first defendant.[3] The Missouri Supreme Court dismissed that appeal as premature stating, "As the matter now stands, there is no disposition of the cause as to the [second defendant]. Their motion for new trial having been sustained ... the cause as to them is in the same position as it was prior to the trial." *Id.*

The cases of *Thompson v. Dye,* 211 S.W.2d 939 (Mo.App.1948), and *Morris v. Patterson,* 549 S.W.2d 613 (Mo.App.1977), also reach the same conclusion. These cases, which also involved two defendants, hold that when one defendant is granted a new trial but the other defendant receives either a favorable or unfavorable judgment, that judgment is not final and appealable because all issues as to all parties have not been resolved. *Thompson,* 211 S.W.2d at 940; *Morris,* 549 S.W.2d at 615.

We recognize that each of the cases cited above involve remittitur as opposed to additur but see no legal reason for any different treatment. In fact, in the *Brown* dissent relied upon by Stokes, additur was involved. As stated earlier, *Brown* involved only one plaintiff and one defendant. After judgment against the defendant, the trial court granted additur. *Brown,* 950 S.W.2d at 236. When the defendant declined to accept the additur, the trial court ordered a new trial solely on the issue of damages. *Id.* at 237. The defendant appealed the grant of the new trial and also attempted to appeal on the issue of liability. *Id.* The Eastern District (Blackmar dissenting) held that any appeal as to liability was premature until a retrial was had on the issue of damages. *Id.* at 238. The lack of finality is even clearer here where there are multiple parties governed by Rule 74.01.

---

**3.** The plaintiff originally appealed from the order granting a new trial as to the second defendant, but this appeal was withdrawn.

The judgment in favor of Presto is not final and appealable. The order denying the motion for a new trial as to Presto is subject to revision until a final judgment is entered against Scheu. Rule 74.01(b). The result of Scheu's required new trial is an incomplete resolution of all issues as to all parties. Because Stokes does not appeal from an order granting a new trial or from a final judgment and because Scheu does not raise any allegation of error in granting a new trial against her, the appeals do not concern matters over which the court has jurisdiction at this time.

The appeals are dismissed.

PAUL M. SPINDEN, Presiding Judge and THOMAS H. NEWTON, Judge, concur.