Lisa SPARKMAN, Plaintiff–
Respondent,

v.

COLUMBIA MUTUAL INSURANCE
CO., Defendant–Appellant.

No. SD 28891.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 8, 2008.

Bradley R. Hansmann and T. Michael Ward, Brown & James, P.C., St. Louis, MO, for Appellant.

John L. Cook, Cook, Barkett, Maguire & Ponder, L.C., Cape Girardeau, MO, for Respondent.

GARY W. LYNCH, Chief Judge.

Columbia Mutual Insurance Company ("Columbia Mutual") appeals the trial court's judgment on a jury verdict in favor of Lisa Sparkman. Columbia Mutual contends, first, that the trial court erred in excluding the testimony of Marcus Gross because the exclusion amounted to an impermissible credibility determination by the trial court and his testimony was otherwise admissible under an exception to the hearsay rule, and, second, that the trial court erred in submitting Instruction 8 to the jury because it was not supported by substantial evidence. We affirm the judgment.

### Factual and Procedural Background

Sparkman is the owner of the Gordonville Food and Fuel—a gas station with four gas pumps and a small convenience store—in Pemiscot County, Missouri. Vicki Lanpher worked full-time for Spark-

man, and on May 2, 2003, Sparkman leased the business with an option to purchase to Vicki and her husband, Stanley Lanpher.[1] Pursuant to the terms of the lease agreement, the Lanphers acquired and maintained a fire insurance policy on the property with Sparkman listed as an additional insured. The lease provided that, in the event of a fire, Sparkman would receive the insurance proceeds for the real property, as well as any of the contents that she owned, and the Lanphers would receive the proceeds for any of the contents that they purchased for the business. Under the terms of the Columbia Mutual policy, the loss limit for the main building was $153,000.00; for any personal property, $45,000.00; and for the outbuilding canopy covering the gas pumps, $4,080.00.

Six to eight months after taking over the business, the Lanphers fired an employee, Tim Little, for being "unruly" toward Vicki. Immediately thereafter, the Lanphers changed the locks to the store. Following his termination, Little often threatened Vicki, and in June 2004, Little was arrested for assaulting Vicki; in November 2004, he pleaded guilty to assault and received a suspended nine-month sentence. On December 2, 2004, the Gordonville Food and Fuel was completely destroyed by fire. Pursuant to the terms of the policy, the Lanphers filed a "Proof of Loss" with Columbia Mutual, listing everything that they could recall being in the store prior to the fire. When Columbia Mutual refused to pay on the claim, Sparkman and the Lanphers filed suit, claiming breach of contract and vexatious refusal to pay pursuant to Section 375.420.[2] Bank of America was also named as a defendant, as the mortgage-holder on the property.

Just before trial, Columbia Mutual paid $75,970.45 into the court's registry, in order to satisfy the mortgage clause of the insurance policy. This was the amount remaining on the Bank of America mortgage, including interest, as of the date of the fire. A stipulation was filed with the trial court acknowledging that, in exchange for Columbia Mutual's deposit with the court, Sparkman waived any vexatious refusal to pay claim with regard to the mortgage clause, as well as any argument relating to mortgage payments at trial. Columbia Mutual then filed a motion to dismiss Sparkman as a plaintiff, claiming that her only interest in the policy was as mortgagee, and that interest had been resolved. Columbia Mutual never sought a ruling on this motion by the trial court. Sometime after the filing of this motion, the Lanphers assigned their claims against Columbia Mutual to Sparkman, and following trial, Sparkman dismissed Bank of America as a defendant from the underlying action.

At trial, the parties stipulated that the fire was intentionally set. This was in large part because the criminal investigation into the arson had not yet been completed at the time of trial, and the state fire marshal was unable to comment as to the specifics of the origin of the fire. Columbia Mutual's sole defense at trial was that the Lanphers set the fire themselves so as to collect on the insurance policy, thus absolving Columbia Mutual from any obligation to pay on the contract. Specifically, Columbia Mutual pointed to the Lanphers' alleged dire financial situation, as well as suspicious behavior surrounding the fire itself. Sparkman countered Columbia Mutual's defense by intimating that Tim Little could have set the fire out of

---

1. Due to the common surname of the lessees, we refer to them individually by their first names. We intend no disrespect.

2. All statutory references are to RSMo 2000, unless otherwise noted.

revenge and by pointing out that the Lanphers would not have profited from the insurance money, as they had sunk more money into the property than they would have received on the claim.

As part of their defense, Columbia Mutual sought to introduce the testimony of Marcus Gross, a patron of Gordonville Food and Fuel, which was accomplished by way of an offer of proof made by Columbia Mutual outside of the presence of the jury. During the offer[1] of proof, Gross testified that he had entered the store a few weeks before the fire and overheard two women discussing a "fire" or "burn[ing] it" and a "refund." Gross admitted that he came within earshot too late to hear what exactly the two were talking about, but when he later saw that the gas station had burned down, he "assumed" that the women must have been talking about setting fire to the property. The trial court did not allow Gross to testify, saying that his personal knowledge of the conversation was too limited.

During the jury instruction conference, Sparkman submitted Instruction 8, which reads:

> If you find in favor of plaintiff Lisa Sparkman, on her claim for damages, then you must award plaintiff Lisa Sparkman the sum of One Hundred Fifty Seven Thousand dollars ($157,000.0) [sic] for the loss of the insured buildings, and you must award plaintiff Lisa Sparkman the sum of Forty Five Thousand dollars ($45,000.0) [sic] for the loss of personal property, plus interest on the above at the rate of 9% per annum from December 2, 2004.

Columbia Mutual objected to the instruction on the ground it was not supported by the evidence and proceeded to argue that it was entitled to a set-off in the amount of the mortgage payoff, but conceded that the parties had already stipulated to such a setoff. The trial court acknowledged the stipulated set-off.

The jury returned a verdict for Sparkman on her breach of contract claim, and awarded her $202,000.00, plus interest from the date of the fire in the amount of $49,995.00. The jury found in favor of Columbia Mutual on Sparkman's vexatious refusal to pay claim. The trial court entered judgment in accordance with the jury's verdict reduced by the stipulated set-off amount. Columbia Mutual filed a motion for judgment notwithstanding the verdict or alternately for new trial, which was denied. This appeal timely followed.

### Discussion

In its brief, Columbia Mutual presents two points for our review. We review them in reverse order.

### *Testimony of Marcus Gross*

■ Columbia Mutual's second point alleges reversible error in the trial court's exclusion of the testimony of Marcus Gross. Specifically, Columbia Mutual contends that Gross's testimony was admissible under the co-conspirator exception to the hearsay rule, and its exclusion left Columbia Mutual without a critical link in their arson defense between the Lanphers' financial problems and their behavior leading up to and after the fire. Because Columbia Mutual's offer of proof failed to specifically identify the individual Gross overheard purportedly discussing fire and a "refund," thereby failing to establish the relevance of his proffered testimony, Columbia Mutual's second point is denied.

■ "A trial court has considerable discretion in the exclusion of evidence; unless there was an abuse of that discretion its action will not be grounds for reversal." *Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 205 (Mo. banc 1983);

*see also Whelan v. Mo. Pub. Serv., Energy One,* 163 S.W.3d 459, 461 (Mo.App.2005). A trial court "abuses its discretion when its ruling is clearly against the logic of the circumstances before it and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful deliberate consideration." *Oldaker v. Peters,* 817 S.W.2d 245, 250 (Mo. banc 1991). Upon review, we must view the evidence and any reasonable inferences in the light most favorable to the verdict, and disregard any contrary facts and inferences. *Self v. Brunson,* 213 S.W.3d 149, 153 (Mo.App.2006).

Columbia Mutual requested leave to present an offer of proof to the trial court outside of the hearing of the jury regarding the testimony of Marcus Gross. During that offer of proof, Gross stated that he entered the Gordonville Food and Fuel sometime in November 2004, to get a bottle of water. When he reached the back of the store, he "overheard them talking about something that was—they said something about a fire and then something about money. It was more or less an overhear." Gross admitted that he "[d]idn't hear exactly what they had said," and that he did not know where the fire had taken or would take place, nor what "refund money" was being talked about. Further, Gross could not remember exactly what terminology was used; for example, if the speaker used the word "fire" or "burn." Finally, and most importantly, Gross failed to identify with any specificity the speaker that he overheard that day; Gross simply called her the "owner," and when asked, he said that the speaker was then present in the courtroom, but did not otherwise identify any specific woman in the courtroom. The record before this Court thus indicates that Gross testified to overhearing a conversation having something to do with fire or burning and money or a refund, spoken by an otherwise unidentified woman who was present in the courtroom at the time of the offer of proof.

There are two purposes for an offer of proof: (1) to "preserve the record for appeal so the appellate court understands the scope and effect of the questions and proposed answers in considering whether the trial court's ruling was proper"; and (2) to allow "the trial court, once again, to consider the admissibility of the evidence after it is presented." *Portis v. Greenhaw,* 38 S.W.3d 436, 448–49 (Mo. App.2001). "An offer of proof must demonstrate the relevancy of the testimony offered, must be specific, and must be definite." *Karashin,* 653 S.W.2d at 205. In this case, Columbia Mutual's offer of proof preserved for this Court only that Gross overheard some woman he thought was the owner and who was present in the courtroom at that time say something to another woman about burning or fire and money. We can review only what is preserved in the record, *Nelson v. Hammett,* 189 S.W.2d 238, 242 (Mo. banc 1945), and without knowing the specific identity of the woman who Gross overheard, we are unable to pass judgment on the relevance of the evidence and cannot say that the trial court's decision to exclude Gross's testimony "shocks [our] sense of justice." Point two is denied.

### Instruction No. 8

Columbia Mutual's first point contends that the trial court erred in submitting Instruction 8 to the jury because the wording of the instruction was not supported by substantial evidence. More specifically, Columbia Mutual argues on appeal that the trial court erred in submitting this instruction in two respects: (1) in instructing the jury to calculate prejudgment interest from the date of loss rather than the date the proceeds became pay-

able under the policy terms for which no evidence of such date was presented during trial; and (2) in instructing the jury to calculate prejudgment interest on the entire amount awarded by the jury, which did not take into account the $73,970.45 previously stipulated by the parties to fully satisfy the mortgage clause portion of the judgment. Because Columbia Mutual's objection to Instruction 8 failed to comport with the specificity requirement of Rule 70.03, Columbia Mutual's first point is denied.

 Ordinarily, "[t]he submission of an instruction will be upheld if supported by substantial evidence." *Warren Davis Props. V, L.L.C. v. United Fire & Cas., Co.,* 111 S.W.3d 515, 523 (Mo.App.2003) (citing *Hawkes v. Norfolk & Western Ry. Co.,* 876 S.W.2d 705, 707 (Mo.App.1997)). Substantial evidence is that which, if it is true, is probative and can constitute the basis for a jury verdict. *Warren,* 111 S.W.3d at 523. In reviewing a challenged instruction on appeal, "we view the evidence and inferences in the light most favorable to the instruction and disregard any contrary evidence." *Id.* (citing *Choate v. Natvig,* 952 S.W.2d 730, 734 (Mo.App. 1997)).

 In order to preserve an alleged instructional error for review on appeal, however, a party "must make *specific* objections to the giving or failure to give instructions before the jury retires to consider its verdict; the objections and grounds therefore must be stated *distinctly* on the record, and the objections must also be raised in the motion for new trial." *Doe v. McFarlane,* 207 S.W.3d 52, 74 (Mo. App.2006) (emphasis added). Rule 70.03 specifically provides:

> Counsel shall make *specific* objections to instructions considered erroneous. No party may assign as error the giving or failure to give instructions unless that

party objects thereto before the jury retires to consider its verdict, stating *distinctly* the matter objected to and the grounds of the objection. Counsel need not repeat objections already made on the record prior to delivery of the instructions. The objections must also be raised in the motion for new trial in accordance with Rule 78.07.

(Emphasis added). A vague, general objection does not allow the trial court to make an informed ruling as to the validity of the objection. *Gill Constr., Inc. v. 18th & Vine Authority,* 157 S.W.3d 699, 719 (Mo.App.2004). As such, a general objection preserves nothing for appellate review. *Gurley v. Montgomery First Nat. Bank, N.A.,* 160 S.W.3d 863, 868–69 (Mo. App.2005).

In this case, Columbia Mutual's objection to the submission of Instruction 8 consisted of the following:

> I also object to the submission of Instruction No. 8, on the basis that there has been insufficient evidence to support it. And [Sparkman's counsel] and I have discussed this instruction off the record and I think we have a stipulation and I'd just like to get it on the record that it submits the entire policy limit of $157,000 on the buildings. But [Sparkman's counsel], I believe, has agreed and will stipulate that we are—Columbia Mutual is entitled to a setoff and a reduction, which will be put in place by the court afterward ... to the mortgage holder.... I just wanted [Sparkman's counsel] to agree to that on the record.

Sparkman's counsel thereafter agreed to the above stipulation on the record, and the trial court acknowledged that the setoff regarding the previously-paid mortgage sum into the court's registry was a matter of law, not a matter for the jury.

 Instruction No. 8 posits at least three factual elements in addition to the date from which interest should start accruing. Yet, nowhere in Columbia Mutual's objection does it specifically or distinctly mention the calculation of interest, nor does it specifically or distinctly mention the date used to calculate interest in any context, much less within the context of the evidence presented at trial. In the absence of an objection directing the trial court's attention to a specific element in a proffered multi-element instruction which the objecting party claims is not supported by evidence in the record and why in the context of the evidence presented during the trial the specified element is not supported by the evidence, a general objection to the entire instruction that it is not supported by the evidence preserves nothing for appellate review. *See Walsh v. St. Louis Nat'l Baseball Club, Inc.,* 822 S.W.2d 559, 563 (Mo.App.1992). *See also Citizens Bank of Appleton City v. Schapeler,* 869 S.W.2d 120, 129 (Mo.App.1993). The trial court has no obligation to ferret out specificity, which a party chooses not to distinctly articulate in its objection, in order to make an informed ruling on a general objection. *Gill Constr., Inc.,* 157 S.W.3d at 719.

Furthermore, the only specific issue mentioned in Columbia Mutual's objection—that of the set-off in the amount of the satisfaction of the mortgage clause—lacks any indication to the trial court that Columbia Mutual took issue with including that amount in the interest calculation. Moreover, Columbia Mutual indicated to the trial court—"I just wanted [Sparkman's counsel] to agree to that on the record"—that its initially stated objection to the proffered instruction would be resolved by Sparkman entering into a stipulation on the record to an offset as offered by Columbia Mutual. Sparkman thereafter so stipulated on the record, and the trial court eventually acknowledged and applied the offset as stipulated.

Columbia Mutual's objection simply failed to specifically and distinctly inform the trial court what it contended was missing from Sparkman's case that would preclude the court from submitting Instruction 8 to the jury, and as such was nothing more than a general objection which failed to preserve any issue for our review. Point one is denied.

### Decision

The trial court's judgment is affirmed.

PARRISH, J., and RAHMEYER, J., concur.