# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1900

_____

Sandra Frierson

*Plaintiff - Appellant*

v.

SBC Global Services, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: December 23, 2013
Filed: December 30, 2013
[Unpublished]

_____

Before WOLLMAN, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Sandra Frierson appeals the district court's[1] adverse grant of summary judgment on her claim that her former employer retaliated against her, in violation of

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

the Missouri Human Rights Act (MHRA) and 42 U.S.C. § 1981, after she reported the race-based and gender-based threatening and harassing conduct of a coworker, who was fired after an investigation. Frierson alleged that her job became more difficult after a reassignment of technicians she managed, her performance evaluations were not as favorable as they had been in the past, and she was told to "stick it out" rather than look for a different position within the company, before she was ultimately terminated pursuant to a reduction in force almost a year and a half after she reported the conduct of her coworker. Following careful review, we agree with the district court that Frierson did not establish a causal connection between any adverse employment action and her protected activity. See Olsen v. Capital Region Med. Ctr., 713 F.3d 1149, 1153 (8th Cir. 2013) (de novo review; to avoid summary judgment, non-movant must make sufficient showing on every essential element of her claim on which she bears burden of proof); Sayger v. Riceland Foods, Inc., 735 F.3d 1025, 1030-32 (8th Cir. 2013) (to show causal connection in § 1981 retaliation action, claimant must prove that employer's desire to retaliate was but-for cause of his or her termination); McCrainey v. Kansas City Mo. Sch. Dist., 337 S.W.3d 746, 753 (Mo. Ct. App. 2011) (prima facie MHRA retaliation claim requires proof that (1) claimant engaged in protected activity such as complaining about discrimination, (2) employer took adverse action against her, and (3) causal relationship existed between protected activity and adverse action). Accordingly, we affirm. See 8th Cir. R. 47B.

_____